# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3344

_____

BSI Group LLC; International Business Solutions Group, LLC

*Plaintiffs - Appellees*

v.

EZBanc Corp; Evolve Bank & Trust

*Defendant*s

Solid Financial Technologies, Inc.

*Defendant - Appellant*

_____

No. 23-3434

_____

BSI Group LLC; International Business Solutions Group, LLC

*Plaintiffs - Appellees*

v.

EZBanc Corp

*Defendant - Appellant*

Evolve Bank & Trust; Solid Financial Technologies, Inc.

*Defendant*s

_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

BSI Group LLC and International Business Solutions Group, LLC ("Plaintiffs") sued EZBanc Corp, Solid Financial Technologies, Inc., and Evolve Bank & Trust ("Defendants") over allegedly mishandled funds. One by one, Defendants sought to compel arbitration. The district court denied their requests. We reverse and remand for trial.

## I.     BACKGROUND

Plaintiffs are financial service companies. They contracted with EZBanc for financial services, and EZBanc worked with Defendants Solid Financial Technologies, Inc. and Evolve Bank & Trust to provide those services. The relationship deteriorated, and Plaintiffs sued, claiming Defendants withdrew nearly $9 million from their accounts and failed to process approximately $300,000 in third-party payments.

When Defendants moved to compel arbitration, they acknowledged that EZBanc's contracts with Plaintiffs lacked an arbitration clause. An arbitration agreement applied to them, Defendants argued, because Plaintiffs' contracts referred to other terms with an arbitration clause. One EZBanc contract stated that BSI would "be bound by … the MSB's Corporate Account General Terms and Conditions," and another promised that IBS was "acquainted with the General Terms and Conditions

that are available on the website of EZBANC CORP." Defendants contended these "General Terms and Conditions" were in Evolve's "SPECTRUM PAYMENTS/EZBANC Account Agreement – Business" contract ("Evolve Agreement"). The Evolve Agreement contained an arbitration agreement, which provided as follows:

> You agree that if you have a dispute or claim that has arisen or may arise between you and the Bank or any other Indemnified Party, whether arising out of or relating to this Agreement (including any alleged breach), your SPECTRUM PAYMENTS/EZBANC Account and services provided under this Agreement, any advertising, any aspect of the relationship or transactions between us, and you are not able to resolve the dispute or claim informally, you and we agree that upon demand by you, the Bank or any other Indemnified Party, the dispute or claim will be resolved exclusively through final and binding arbitration, rather than a court, in accordance with the terms of this Arbitration Agreement.

According to Defendants, the Evolve Agreement was available in several places, including on EZBanc's web portal which Plaintiffs could access anytime, displayed as a "pop-up" when Plaintiffs signed up for accounts with Evolve, and on the messaging platform WhatsApp.

Defendants argued to the district court that the Evolve Agreement was incorporated by reference into Plaintiffs' contracts with EZBanc by the "General Terms and Conditions" language. In the alternative, they asserted Plaintiffs were bound by the Evolve Agreement itself. The district court found the language was too vague for there to be an incorporation by reference and that a factual dispute existed as to whether the terms of the Evolve Agreement were "known or easily available" to Plaintiffs. EZBanc and Solid Financial appeal.

## II.    DISCUSSION

We review the district court's interpretation of a contract and its denial of a motion to compel arbitration *de novo*. Triplet v. Menard, Inc., 42 F.4th 868, 870

(8th Cir. 2022). The district court's factual findings are reviewed for clear error. Id. Since arbitration is a contractual issue, Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 67 (2010), entities need only arbitrate disputes "to the extent an agreement between [them] says so." Foster v. Walmart, Inc., 15 F.4th 860, 862 (8th Cir. 2021). When a motion to compel arbitration is brought by a party, courts must first determine whether the parties agreed to arbitrate, and, if so, then what their arbitration agreement covered. Id. If the record shows a "material issue of fact on whether the parties had an agreement to arbitrate," the issue must be remanded for trial. Id. (internal citation omitted); see 9 U.S.C. § 4. The party seeking to compel arbitration bears the burden of proving a valid agreement to arbitrate. Ballou v. Asset Mktg. Servs., LLC, 46 F.4th 844, 851 (8th Cir. 2022).

Under Arkansas law, incorporation by reference must be plain.[1] A party can only "assent to a contract" if "the terms of the contract … [are] effectively communicated." Alltel Corp. v. Sumner, 203 S.W.3d 77, 80 (Ark. 2005). Terms incorporated by reference are not effectively communicated unless the reference is "clear and unequivocal, and the terms of the incorporated document … [are] known or easily available to the contracting parties." See Ingersoll-Rand Co. v. El Dorado Chem. Co., 283 S.W.3d 191, 196 (Ark. 2008).

Like the district court, we are unpersuaded that the "General Terms and Conditions" language was a "clear and unequivocal" reference to Evolve's "SPECTRUM PAYMENTS/EZBANC Account Agreement – Business" contract.

---

[1]The district court applied Arkansas law, although it is unclear whether the district court made a choice-of-law determination. See Eagle Tech. v. Expander Americas, Inc., 783 F.3d 1131, 1137 (8th Cir. 2015) (noting federal courts sitting in diversity must apply the choice-of-law rules of the forum state before reaching substantive questions of state contract law). That choice is immaterial on the issues before us because both Tennessee and Arkansas apply similar principles when determining whether there has been an incorporation by reference. See Staubach Retail Servs.-Southeast, LLC v. H.G. Hill Realty Co., 160 S.W.3d 521, 525 (Tenn. 2005) (finding an incorporation by reference under Tennessee law when one agreement "expressly" incorporated another).

The titles are distinct. See Ingersoll-Rand Co., 283 S.W.3d at 197. The reference at issue is "General Terms and Conditions." Nothing about that phrase describes the Evolve Agreement "in such terms that its identity may be ascertained beyond reasonable doubt." Id. at 196. Nor are there other reasons indicating that "General Terms and Conditions" refers to the Evolve Agreement. Cf. Donelson v. Ameriprise Fin. Servs., Inc., 999 F.3d 1080, 1085-86, 1090 (8th Cir. 2021) (affirming determination that a document called an "Agreement" was incorporated by reference when "Agreement" was given a more specific definition elsewhere in the contract).

The "equal-treatment principle" does not change the result. While the Federal Arbitration Act ("FAA") preempts any state rule that expressly discriminates against arbitration, generally applicable rules escape such a high level of scrutiny. Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 650, reh'g denied, 143 S. Ct. 60 (2022). Arkansas's rules about incorporation by reference apply as a matter of general contract law. See Ingersoll-Rand Co., 283 S.W.3d at 196. These rules remain meaningful even when an agreement to arbitrate is not at issue. See, e.g., Torti v. Hoag, 868 F.3d 666, 672 (8th Cir. 2017) (applying incorporation-by-reference principles to loan forms and an insurance contract). There is no reason to conclude that Arkansas's incorporation-by-reference principles conflict with the FAA under these circumstances.

In the alternative, Defendants argue that Plaintiffs accepted benefits under the Evolve Agreement. In Arkansas, "[a] party's manifestation of assent to a contract may be made wholly by spoken words or by conduct." See Childs v. Adams, 909 S.W.2d 641, 645 (Ark. 1995). However, for there to be an expression of agreement or approval to a contract, the terms of the contract must have been effectively communicated, see Sumner, 203 S.W.3d at 80.

The record reveals a "material dispute of fact" over whether the Evolve Agreement was effectively communicated to Plaintiffs. Foster, 15 F.4th at 862. EZBanc claims it posted the Evolve Agreement on its web portal. In contrast, Plaintiffs aver they never received the Evolve Agreement, through the web portal or

otherwise. They contend that one website containing the Evolve Agreement does not work and they tried, but failed, to find the agreement on EZBanc's web portal. Nor is the record clear about "the exact location and prominence" of the Evolve Agreement, "how many clicks it would have taken for the user to discover the arbitration provision, and whether the website changed during the relevant period." Foster, 15 F.4th at 864. "Answers to factual questions like these are essential to determining whether this case belongs in arbitration or litigation." Id. (cleaned up).

While Plaintiffs used their bank accounts and visited Evolve's headquarters, these actions do not necessarily demonstrate Plaintiffs knew about the terms in the Evolve Agreement. See Sumner, 203 S.W.3d at 80 ("[I]t is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators."). Likewise, Defendants' reliance on a "pop-up" that purportedly displayed when Plaintiffs created their accounts leaves key questions unanswered. The record does not contain screenshots or other evidence of the substance of the "pop ups." Finally, Defendants offer a WhatsApp screenshot purportedly showing that a third-party shared the Evolve Agreement with Plaintiffs, but the screenshot does not establish who received which documents and whether the Evolve Agreement was among the documents. The point is that "material disputes of fact" remain. Foster, 15 F.4th at 865.

Given the unresolved and disputed factual issues, remand for a trial is necessary to determine whether there was an agreement to arbitrate that was effectively communicated to Plaintiffs. See Foster, 15 F.4th at 862; see also 9 U.S.C. § 4 (providing that a court shall conduct a summary trial when the formation of an arbitration agreement is at issue).

## III.  CONCLUSION

For the foregoing reasons, we reverse the district court's denial of Defendants' motions to compel arbitration and remand for trial on the narrow question of whether

-6-

the "pop-up" and/or other aspects of EZBanc's website show that Plaintiffs agreed to be bound by the terms in the Evolve Agreement.

_____